UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    PRISCILLA B. TAYLOR,<br>        *Debtor* | Case No.: 15-31208 (AMN)<br>Chapter 7 |
| PRISCILLA B. TAYLOR,<br>        *Movant*<br>v.<br>STATE OF CONNECTICUT ATTORNEY GENERAL, GEORGE JEPSEN ON BEHALF OF MICHAEL MOSCOWITZ AND THE LAW OFFICES OF MICHAEL MOSCOWITZ, LLC<br>        *Respondent*<br><br>KARA S. RESCIA,<br>        *Trustee* | Re: ECF No. 190, 220 |

**MEMORANDUM AND ORDER DENYING MOTION
TO COMPEL ABANDONMENT AND MOTION FOR SANCTIONS**

**APPEARANCES**

| | |
|---|---|
| Robert M. Singer, Esq.<br>Law Offices of Robert M. Singer, LLC<br>2572 Whitney Avenue<br>Hamden, CT 06518 | Counsel for the debtor |
| Robert J. Deichert, Esq.<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120 | Counsel for State of Connecticut Attorney General, George Jespen on behalf of Michael Moscowitz and the Law Offices of Michael Moscowitz, LLC, State Court Appointed Trustee |
| Kara S. Rescia, Esq.<br>Rescia & Shear, LLP<br>5104A Bigelow Commons<br>Enfield, CT 06082 | Chapter 7 Trustee |

1

Before the court are two motions. The first is a motion filed by the debtor, Priscilla B. Taylor ("Ms. Taylor"), pursuant to 11 U.S.C. § 554 seeking to compel ("Motion to Compel") the Chapter 7 Trustee, Kara S. Rescia ("Trustee") to abandon the bankruptcy estate's interest in litigation pending before the Connecticut Superior Court entitled *Priscilla B. Taylor v. Michael Moscowitz* and bearing docket number NNH-CV-16-6061858-S ("State Court Litigation"). ECF No. 190. The second is a motion brought pursuant to 11 U.S.C. §§ 362(k) and 105(a) by the State of Connecticut Attorney General on behalf of Michael Moscowitz and the Law Offices of Michael Moscowitz, LLC[1] ("State Court Defendants") seeking sanctions ("Motion for Sanctions") against Ms. Taylor and her counsel, Robert Singer, Esq. ("Attorney Singer"), for alleged violations of the automatic stay. ECF No. 220. For the reasons that follow, both motions are denied.

## I.     RELEVANT PROCEDURAL BACKGROUND

On July 17, 2015, Ms. Taylor commenced this bankruptcy case by filing a voluntary chapter 11 bankruptcy petition ("Petition Date"). ECF No. 1. On or about April 26, 2016, despite having failed to disclose a claim against the State Court Defendants as an asset

---

[1] A brief background is necessary to explain the State of Connecticut Attorney General's role in this case. Prior to the filing of this bankruptcy case, Ms. Taylor hired Howard A. Lawrence as counsel to represent her in a Connecticut Superior Court case, *Samuel Kearse v. Priscilla B. Taylor*, docket number NNH-CV-08-5025041S. During the pendency of that case, the Connecticut Superior Court placed Howard A. Lawrence on inactive status and appointed Attorney Michael Moscowitz and the Law Offices of Michael Moscowitz as trustee to inventory Mr. Lawrence's files and to protect the interests of Mr. Lawrence and of his clients. *See Disciplinary Counsel v. Lawrence*, docket number NNH-CV-12-6028710-S. Thereafter, a default judgment entered against Ms. Taylor in the *Samuel Kearse v. Priscilla B. Taylor* matter. As described later in this Memorandum, during the chapter 11 phase of this case Ms. Taylor commenced suit against Attorney Michael Moscowitz and the Law Offices of Michael Moscowitz in the Connecticut Superior Court alleging injury by their reckless conduct. The State of Connecticut Attorney General filed an appearance on behalf of the defendants Michael Moscowitz and the Law Offices of Michael Moscowitz in their capacity as a state court appointed trustee. *See* Conn.Gen.Stat. § 51-94a.

in her schedules, Ms. Taylor filed a complaint in the Connecticut Superior Court against the State Court Defendants asserting tort claims.[2]  ECF No. 25.

On November 17, 2016, Ms. Taylor's chapter 11 case was converted to one under chapter 7 ("Conversion Date") and the Trustee was appointed.[3]  ECF No. 141.  On March 27, 2017, the Trustee moved for an order closing the chapter 7 case but excepting from abandonment the State Court Litigation.  ECF No. 166.  The Trustee requested that Ms. Taylor be permitted to continue with the State Court Litigation and that Ms. Taylor be ordered to cooperate with and notify the Trustee in the event of any recovery.  ECF No. 166, P. 3-4.  After hearing, the court granted the Trustee's motion.  ECF No. 182.

Thereafter, on August 2, 2017, Ms. Taylor filed a motion to reopen the chapter 7 case[4], ECF No. 189, and the instant Motion to Compel.  ECF No. 190.  In the Motion to Compel, Ms. Taylor noted that in the State Court Litigation the State Court Defendants filed a motion to dismiss, claiming that Ms. Taylor lacked standing ("State Court Motion to Dismiss").  The State Court Defendants argued that the ownership of Ms. Taylor's claim remained with the Trustee since the State Court Litigation claim had not been abandoned, and thus only the Trustee had standing to pursue the State Court Litigation.[5]

---

[2] The court may take judicial notice, pursuant to Fed.R.Evid. 201(b), of judicial proceedings that have a direct relation to the matter at issue and are matters of public record, including court records that are available to the public through the Connecticut Judicial Branch website: www.jud.ct.gov.

[3] The case was converted after a hearing on the motion to convert, ECF No. 80, filed by the Office of the United States Trustee ("UST").

[4] Ms. Taylor also filed a motion seeking expedited consideration of the motion to reopen.  ECF No. 187.  The State Court Defendants objected to the expedited consideration of the motion to reopen and to the motion to reopen.  *See* ECF Nos. 192 and 202.  The court granted expedited relief in part, scheduling a status conference for August 16, 2017.

[5] The court takes judicial notice of the State Court Defendants' motion to dismiss filed on June 16, 2017 in the State Court Litigation and available publically via the Connecticut Judicial Branch website.  *See* footnote 1.

3

After a status conference held on August 16, 2017, the court ordered additional briefing by the parties and scheduled oral argument for October 2, 2017.  ECF No. 209.  Upon the parties' request to allow time for the parties to resolve the matter without court involvement, the court stayed the briefing schedule and continued the hearing to November 1, 2017.  ECF No. 215.

A day before the November 1, 2017 hearing, the State Court Defendants filed the instant Motion for Sanctions alleging that Ms. Taylor and her counsel, Attorney Singer, violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3) by exercising control over the State Court Litigation after the Conversion Date, when only the Trustee had authority to prosecute the litigation.  ECF No. 220.

During the hearing held on November 1, 2017, the Trustee requested the court continue the hearing on the Motion to Compel to allow time for either the parties to reach a settlement or for the Trustee to abandon the State Court Litigation.  ECF No. 221 at 00:07:06 – 00:08:45.[6]  Additionally, the Trustee and the UST requested that the court grant the motion to reopen so that the Trustee could administer the asset by way of a motion to compromise or notice of abandonment.  The court granted both requests, reopening the case and continuing the hearing to consider the Motion to Compel to January 3, 2018.  ECF No. 221 at 00:18:56 – 00:19:30; ECF No. 223.  The court scheduled the Motion for Sanctions to be heard at the same time on January 3, 2018.  ECF No. 221 at 00:18:56 – 00:19:30.

---

[6] The court reviewed the audio file of the hearings using VLC Media Player.  All citations to the audio file of a hearing are to the ECF number of the recording and then to the location of the cited testimony as follows: ECF No. ___ at hours:minutes:seconds.

4

Thereafter, Ms. Taylor objected to the Motion for Sanctions asserting that any act taken was not a willful violation of the automatic stay but rather an act intended to preserve the State Court Litigation as an asset of the bankruptcy estate.[7]  ECF No. 234.

On December 15, 2017, the Trustee filed a proposed notice of intent to abandon the State Court Litigation.  ECF No. 230.  The State Court Defendants did not object to the Trustee's abandonment but rather filed a document entitled a "response" to the Trustee's proposed notice requesting that any abandonment order reflect that Ms. Taylor's actions in prosecuting the State Court Litigation post-conversion and pre-abandonment are void.  ECF No. 239.

During the hearing held on January 3, 2018, the Trustee noted that no objections to her proposed notice to abandon the State Court Litigation were received and, in the absence of the scheduled hearing and in absence of the State Court Defendants' response, she would have filed a report of abandonment prior to the hearing.  ECF No. 243 at 00:02:55 – 00:03:55.  At the conclusion of the hearing, the court took the Motion to Compel, ECF No. 190, and the Motion for Sanctions, ECF No. 220, under advisement.

Following the hearing on January 3, 2018, the Trustee filed a report of abandonment of the State Court Litigation.  ECF No. 241.

## II.    GOVERNING LAW

When a bankruptcy petition is filed, an estate is created and the debtor's property, including any prepetition claims held by the debtor, becomes part of the bankruptcy estate.  11 U.S.C. § 541(a); 5-541 *Collier on Bankruptcy* ¶ 541.07 (2017).  In a chapter 7 case, only the chapter 7 trustee may administer property of the estate, including

---

[7] On December 29, 2017, the State Court Defendants filed a response to Ms. Taylor's objection. ECF No. 237.

5

prosecuting actions on behalf of the estate. *See* 11 U.S.C. §§ 323, 704; *In re Arana*, 456 B.R. 161, 170 (Bankr.E.D.N.Y. 2011)("during the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor"). "As in the case of other assets of the debtor, the trustee is not bound to accept a burdensome right of action" and may abandon it if burdensome or if it is of inconsequential value. 5-541 *Collier on Bankruptcy* ¶ 541.07 (2017).

Pursuant to 11 U.S.C. § 554, abandonment of property of the estate may occur upon action by the trustee or by order of the court upon the request of a party in interest. *See* 11 U.S.C. § 554(a) and (b). If the trustee proposes to abandon property, the property may be abandoned, after notice and a hearing and in the absence of any objections, without court order. Fed.R.Bankr.P. 6007(a); 5-554 *Collier on Bankruptcy* ¶ 554.02 (2017). If an objection is filed, the court must schedule a hearing to consider whether the property should be abandoned. Fed.R.Bankr.P. 6007(a). If a party in interest requests abandonment, the party requesting abandonment bears the burden to show that the property is burdensome to the estate or of inconsequential value to the estate. 5-554 *Collier on Bankruptcy* ¶ 554.02 (2017).

A trustee's abandonment constitutes a complete divesture of the estate's interests in the property. 5-554 *Collier on Bankruptcy* ¶ 554.02 (2017). Once an asset is abandoned, it is removed from the bankruptcy estate, and this removal is irrevocable except in very limited circumstances. *Chartschlaa v. Nationwide Mutual Ins. Co.*, 538 F.3d 116, 123 (2d Cir. 2008)(*citing Catalano v. Comm'r*, 279 F.3d 682, 686 (9th Cir. 2002)). Abandoned property reverts to the debtor and the debtor's rights to the property

are treated as if no bankruptcy petition was filed.  5-554 *Collier on Bankruptcy* ¶ 554.02 (2017), *citing In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992).  "In other words, when property of the bankrupt is abandoned, the title reverts to the bankrupt, *nunc pro tunc*, so that he is treated as having owned it continuously."  *Moses v. Howard University Hospital*, 606 F.3d 789, 795 (D.C. Cir. 2010)("The retroactive effect of the trustee's abandonment ensured that [the debtor] had standing to file a notice of appeal … when he did").  "When [a] trustee abandons estate property, the property stands as if no bankruptcy had been filed and the debtor enjoys the same claim to it as he held previous to the filing of the bankruptcy."  *Barletta v. Tedeschi*, 121 B.R. 669, 673 (N.D.N.Y. 1990)(internal citations omitted); *see also CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378, 388 (B.A.P. 9th Cir. 1997)("The abandonment *nunc pro tunc* also has the effect of retroactively making the debtor a proper party").

It is fundamental that pursuant to 11 U.S.C. § 362(a), "a petition … [automatically] operates as a stay, applicable to all entities, of – (3) any act … to exercise control over property of the estate."  11 U.S.C. §§ 362(a)(1), 362(a)(3); s*ee 3-362 Collier on Bankruptcy* ¶ 362.01.  "A debtor may be liable for violating the automatic stay."  *In re Sofer*, 507 B.R. 444, 449 (Bankr.E.D.N.Y. 2014), *aff'd sub nom. Adar 980 Realty, LLC v. Sofer*, No. 14-CV-2977 ARR, 2014 WL 3890110, *aff'd sub nom. In re Sofer*, 613 Fed. Appx. 92 (2d Cir. 2015).  Section 362(k)(1), which was designated as § 362(h) prior to the 2005 amendments, provides "[a]n individual injured by any willful violation of [the automatic] stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.  11 U.S.C. § 362(k).

7

### III.    DISCUSSION

Subsequent to the filing of Ms. Taylor's Motion to Compel, events have rendered her request moot. "A claim generally becomes moot when subsequent events eliminate the controversy between the parties: 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Alexander v. Cochran*, Docket No. 3:11-cv-1703 (MPS), 2017 U.S. Dist. LEXIS 17671, at *14 (D.Conn. Feb. 8, 2017)(*citing Chafin v. Chafin*, 568 U.S. 165, 172 (2013)("a case becomes moot [ ] when it is impossible for a court to grant any effectual relief")). Here, shortly after the January 3, 2018 hearing, the Trustee filed her report of abandonment of the State Court Litigation. ECF No. 241. Upon that filing, the State Court Litigation was abandoned and all rights to exercise control over the State Court Litigation reverted back to Ms. Taylor. The relief sought in Ms. Taylor's Motion to Compel – to have the Trustee abandon the State Court Litigation – has occurred and, accordingly, there is nothing remaining for the court to adjudicate.

The same holds true for the State Court Defendant's Motion for Sanctions. As a result of the Trustee's abandonment, Ms. Taylor's interest and right to control the State Court Litigation reverted back to her, *nunc pro tunc*, to the Conversion Date.[8] As noted above, upon abandonment, the debtor is treated as having held title to the property continuously as if no bankruptcy had ever been filed. *See* 5-554 *Collier on Bankruptcy* ¶ 554.02 (2017). The effect of the abandonment *nunc pro tunc* makes Ms. Taylor –

---

[8] Title to the State Court Litigation reverted back to Ms. Taylor, *nunc pro tunc*, to the Conversion Date as that was the date the chapter 7 bankruptcy estate was created and the point in time which divested Ms. Taylor of her rights in the State Court Litigation. Prior to the Conversion Date, Ms. Taylor, as a chapter 11 debtor-in-possession, where no chapter 11 trustee had been appointed, retained the right to control the State Court Litigation.

8

retroactively -- the proper party to pursue or control the State Court Litigation for all times prior to and after the Conversion Date. Accordingly, the question of whether Ms. Taylor's action of exercising control over the State Court Litigation violates § 362(a) is now moot.

Even if the court were to determine that the Motion for Sanctions is not moot, the State Court Defendants are not entitled to relief under § 362(k) because they lack prudential standing to assert such a claim.[9] To have prudential standing, the State Court Defendants must show that their claim falls within the zone of interests protected by § 362.[10] Pursuant to the plain language of § 362(k), § 362(k) limits recovery to individuals that are natural persons. *See In re Chateaugay Corp.*, 920 F.2d 183 (2d Cir. 1990).[11] One of the State Court Defendants - the Law Firm of Michael Moscowitz, LLC - is not an individual within the meaning of § 362(k) and on that basis alone, it lacks standing to pursue a claim for damages under § 362.

---

[9] In order to assert a claim for the violation of the automatic stay, a party must have standing. *See In re Teligent, Inc.*, 417 B.R. 197, 209 (Bankr.S.D.N.Y. 2009)("Standing is a threshold issue in every federal litigation"). "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

[10] Prudential standing encompasses the rule against the adjudication of generalized grievances, the rule prohibiting plaintiffs from asserting the rights of third parties, and the rule barring claims that fall outside 'the zone of interests to be protected or regulated by the statute'" *Motesa v. Schwartz*, 836 F.3d 176, 195 (2d Cir. 2016)(q*uoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982)); s*ee also In re Peeples*, 880 F.3d 1207, 1215 (10th Cir. 2018)(*citing Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 395-96 (1987)("The very point of the zone-of-interests doctrine is that not every injury traceable to the violation of a federal statute is remediable in the federal courts").

[11] In *In re Chateaugay Corp.*, the Court of Appeals for the Second Circuit held that the remedy under section 362(h), now §362(k), is not available to corporate debtors and instead is limited to debtors who are natural persons. *In re Chateaugay Corp.*, 920 F.2d at 186. The Court reasoned that to interpret the plain meaning of "individual" as a natural person was "not illogical, or inconsistent either with the automatic stay provisions of § 362(a) or with the rest of the [Bankruptcy] [C]ode." *In re Chateaugay Corp.*, 920 F.2d at 186. "For other [corporate or partnership] debtors, contempt proceedings [under §105(a)] are the proper means of compensation and punishment for willful violations of the automatic stay." *In re Chateaugay Corp.*, 920 F.2d at 187.

Additionally, both of the State Court Defendants lack prudential standing because they are not parties that § 362 is intended to protect. One of the primary purposes of § 362 is to provide protection to the debtor and protect property of the estate for all creditors ensuring equality of distribution. 3 *Collier on Bankruptcy* ¶ 362.03 (2017); *see also In re Ampal-Am. Israel Corp.,* 502 B.R. 361, 373 (Bankr.S.D.N.Y. 2013)("[T]he automatic stay was designed to protect pre-petition creditors' from a grabbing creditor whose acts adversely affected their distribution; it was not designed to protect potential defendants who also happen to be creditors of the estate"). "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (stating that "[a]s a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate. The stay 'does not protect non-debtor parties or their property'")(internal citations omitted); *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533 (5th Cir. 2009)(holding that a creditor has standing to bring an action for damages under 11 U.S.C. § 362(k) for a violation of the automatic stay provision if the creditor is able to allege an injury as a creditor from the violation of the automatic stay); *see also Siskin v. Complete Aircraft Services, Inc. (In re Siskin)*, 231 B.R. 514, 519 (Bankr.E.D.N.Y. 1999). While § 362 was intended to protect debtors, creditors, and assets of the estate, including the claim against the State Court Defendants, it was not intended to protect the State Court Defendants as defendants in litigation.[12] The court

---

[12] To the extent that the State Court Defendants assert they were harmed because Ms. Taylor exercised control over the assets of the bankruptcy estate, such a claim would lie with the Chapter 7 Trustee as a fiduciary tasked with administering and collecting the assets of the bankruptcy estate. *See Geltzer v. Brizinova (In re Brizinova)*, 554 B.R. 64, 82 (Bankr.E.D.N.Y. 2016)("Chapter 7 trustees, as fiduciaries of the

10

concludes that the State Court Defendants are not within the zone of interests protected by § 362(k) and, therefore, as non-debtor, non-creditor, third parties, the State Court Defendants lack prudential standing to pursue stay violation remedies under § 362(k).

### IV.    CONCLUSION

For the foregoing reasons, Ms. Taylor's Motion to Compel is denied as moot in light of the Trustee's abandonment of the State Court Litigation.  Additionally, due to the *nunc pro tunc* effect of abandonment, the State Court Defendants' Motion for Sanctions is denied as moot.

Dated on March 20, 2018, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut

---

Chapter 7 estate 'have standing to seek sanctions against [the debtor] for violation of the automatic stay.'" (*quoting McCord v. Sofer* (*In re Sofer*), 507 B.R. 444, 452)(Bankr.E.D.N.Y. 2014))).  Additionally, "in order to have standing to seek contempt for violation of the stay, "[a] creditor must assert a claim for his own direct injury and not a claim that belongs to the estate. ... If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim."  *In re Ampal-American Israel Corp.*, 502 B.R. 361, 371 (Bankr.S.D.N.Y. 2013) (citations omitted).